UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Michelle Chapman, | Civil Action No.: 6:06-2623-RBH |
| Plaintiff, | |
| | **ORDER** |
| County of Greenville and | |
| Greenville Workforce Development, | |
| Defendants. | |

## Procedural History

The plaintiff filed this action on April 24, 2006 in the Greenville County Court of Common Pleas alleging federal causes of action for discrimination on the basis of sex and retaliation in violation of Title VII, 42 U.S.C. §2000e. The defendants removed the case to this Court on September 21, 2006 and filed an Answer on September 28, 2006. Defendants filed a motion for summary judgment on July 16, 2007 and an amended motion for summary judgment on July 17, 2007. Plaintiff filed a response on August 17, 2007.

This matter is now before the undersigned for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge William M. Catoe, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636 and Local Rule 73.02(B)(2)(g). In his Report, Magistrate Judge Catoe carefully considers the issues and recommends that the defendant's motion for summary judgment be granted as to the hostile work environment sexual harassment claim and denied as to the plaintiff's retaliation and *quid pro quo* sexual harassment claim. Defendant filed objections to the Report on December 18, 2007. Plaintiff filed a response to the objections on

1

December 24, 2007.

Plaintiff has not filed any objections. Therefore, after thorough review, the Court adopts that portion of the Report which recommends granting the motion for summary judgment as to the hostile work environment claim of sexual harassment. In this Order, the Court will address the objections filed by the defendants to the Report.

In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

**Facts**

The court agrees with the factual and procedural background as set forth by the Magistrate Judge in his Report and Recommendation.[1] The court therefore adopts the Magistrate Judge's version of the facts in this case to the extent such facts are not specifically included herein.

---

[1] The plaintiff was employed as a Specialist with the Greenville County Workforce Development. She alleges that the director of her department, Dean Jones, subjected her to sexual harassment by making sexual comments to her, brushing against her in an inappropriate way, and stating that he was going to come to her home.

2

**Legal Standard for Summary Judgment**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of proving that judgment on the pleading is appropriate. Once the moving party makes the showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

When no genuine issue of any material fact exists, summary judgment is appropriate. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. Id. However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Id. (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

In this case, defendant "bears the initial burden of point to the absence of a genuine issue of material fact." Temkin v. Frederick County Commrs, 845 F.2d 716, 718 (4th Cir. 1991) (citing Celotex Corp v. Catrett, 477 U.S. 317, 322 (1986)). If defendant carries this burden, "the burden then shifts to the non-moving party to come forward with fact sufficient to create a triable issue of fact." Id. at 718-19 (citing Anderson, 477 U.S. at 247-48).

Moreover, "once the moving party has met its burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show there is a genuine issue for trial." Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). The nonmoving party may not rely on beliefs, conjecture, speculation, of conclusory allegations to defeat a motion for summary judgment. Id. and Doyle v. Sentry, Inc., 877 F. Supp. 1002, 1005 (E.D. Va

3

1995). Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits (see Fed. R. Civ. P. 56(e)), depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. Baber, 977 F.2d 872, citing Celotex Corp., supra. Moreover, the nonmovant's proof must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data Gen. Corp., 12 F.3d 1310, 1316 (4th Cir. 1993); DeLeon v. St. Joseph Hosp., Inc., 871 F.2d 1229, 1223 n. 7 (4th Cir. 1989).

### Title VII Quid Pro Quo Claim

Under Title VII, it is an unlawful employment practice for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."42 U.S.C. §2000e-2(a)(1). A plaintiff must prove five elements in order to prevail on a *quid pro quo* sexual harassment claim: "(1) the employee belongs to a protected group; (2) the employee was subject to unwelcome sexual harassment; (3) the harassment complained of was based upon sex; (4) the employee's reaction to the harassment affected tangible aspects of the employee's compensation, terms, conditions, or privileges of employment; and (5) the employer, as defined by Title VII, 42 U.S.C. § 2000e(b), knew or should have known of the harassment and took no effective remedial action." Spencer v. General Electric Co., 894 F.2d 651, 657 (4th Cir. 1990), *overruled on other grounds* by Farrar v. Hobby, 506 U.S. 103 (1992).

The Magistrate Judge recommends a finding that the plaintiff has raised material issues of fact regarding each of the elements of her claim and regarding the issue of pretext.

In its objections, the defendant first asserts that the plaintiff's complaint does not allege *quid pro quo* sexual harassment but only hostile work environment. Plaintiff contends that she pleaded each of the elements of *quid pro quo* sexual harassment and that there is no requirement that she plead

4

separate causes of action for *quid pro quo* and hostile work environment theories of sexual harassment. The Court agrees with the Magistrate Judge that the plaintiff has sufficiently pleaded *quid pro quo* sexual harassment.

Defendant next contends that Plaintiff has not presented facts to show the fourth element of the *prima facie* case, that her reaction to the harassment affected tangible aspects of her compensation, terms, or conditions of employment. On the contrary, Plaintiff contends that when she rejected the advances of her employer she was subjected to cold and hostile behavior, that she was denied a promotion that had been previously discussed with her, that she was given a "mediocre" performance evaluation in spite of earlier representations by the supervisor that she was doing well, and that he later eliminated her position and terminated her. The Court finds that Plaintiff has demonstrated factual issues concerning the elements of her *prima facie* case.

Defendant also asserts that there is no evidence of pretext and that the Magistrate Judge misunderstood Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133 (2000). Defendant contends that it enunciated a legitimate non-discriminatory reason for the plaintiff's termination, that being the lack of enrollees under the NEG grant[2], and that the plaintiff has not shown that the reason was false or that discrimination was the real reason for the termination. The Court agrees with the Magistrate Judge that the plaintiff has come forward with sufficient evidence regarding pretext to withstand summary judgment. The record contains evidence that the grant was not ending but also contains evidence that the county administrator was told that it was ending. Additionally, defendants also stated that one of the reasons the plaintiff's position was eliminated was that the plaintiff's "performance was

---

[2] The Magistrate Judge enunciated the legitimate, nondiscriminatory reason which is now being given by the employer at page 15 of the Report: "There was an insufficient amount of work for the plaintiff because there were fewer clients than originally anticipated under the grant."

5

less than exemplary." However, there were factual issues regarding the adequacy of the plaintiff's performance. In addition, although the supervisor had been told not to terminate any employee's employment without first bringing the matter to the attention of the administrator, he fired the plaintiff without going to the administrator. Therefore, construing the evidence in a light most favorable to the plaintiff, the record contains factual issues regarding pretext.

Defendant next contends that the plaintiff has failed to prove a *prima facie* case of retaliation because she has failed to prove that the adverse employment action was causally related to her complaints to Human Resources about alleged sexual harassment and her cooperation with the investigation of the complaint of another employee. Defendant also contends that, even if the plaintiff has sufficiently shown a *prima facie* case, defendant has rebutted this with evidence of a legitimate, nondiscriminatory reason for her discharge. However, the Court finds there are material issues of fact regarding these matters. The supervisor allegedly threatened employees that they would lose their jobs if they talked about him. In addition the temporal proximity of HR's report to the supervisor of Plaintiff's allegations on May 3, 2004 and the meeting with the plaintiff on June 23, 2004 informing her that her job had been eliminated is some evidence of a causal connection between the protected activity and the discharge. In the case at bar, plaintiff asserts, in addition to temporal proximity, that the employer's explanation for the discharge was pretextual due to inconsistent reasons being given by the employer and argues that the reasons given were not true, or at least a question of fact exists as to their falsity.

The Court agrees with the Magistrate Judge that the plaintiff has shown sufficient factual issues to withstand summary judgment on the *quid pro quo* sexual harassment claim and the retaliation claim. This Court has to view the evidence in the light most favorable to the nonmoving party on a motion for summary judgment. While the defendant makes some strong arguments for trial purposes, they are not

able to show entitlement to summary judgment as a matter of law.

For the foregoing reasons, the undersigned overrules all objections, adopts and incorporates the Report and Recommendation of the Magistrate Judge, and **GRANTS IN PART AND DENIES IN PART** the defendant's motion for summary judgment. The Motion for Summary Judgment is GRANTED as to the portion of the plaintiff's first cause of action for sexual harassment based on hostile work environment and DENIED as to that portion of the first cause of action which alleges *quid pro quo* sexual harassment. The Motion for Summary Judgment is DENIED as to the second cause of action for retaliation. Defendant Greenville County Workforce Development is dismissed as a party defendant, without objection by the plaintiff, as it is a division of Greenville County and not a separate entity.

**AND IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Court Judge

March 28, 2008
Florence, South Carolina