IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Michelle Chapman, | ) | C.A. No.: 6-06-cv-02623-RBH |
| | ) | |
| Plaintiff, | ) | **O R D E R** |
| vs. | ) | |
| | ) | |
| County of Greenville, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pending before the Court is Plaintiff's Motion to Quash Deposition Notice and Exclude Certain Evidence, docket entry #76. The Court contacted the attorneys in this case upon learning of a problem with one of the jurors. The Court was advised by the Clerk's Office regarding the comments by one of the jurors who had been selected. The substance of the conversation between the juror and the Clerk's Office is reflected in the e-mail from Georgia Kramer in the Clerk's Office to Pam Brissey, Deputy Clerk. Because the matter involved personal information of a juror, the Court sealed it, however, the court read the information to the lawyers who both agreed to the Court excusing the juror.

Defendant apparently has now served a Notice of Re-deposing the Plaintiff on Friday, June 6 regarding the accusations made by the excused juror.

The plaintiff has filed a Motion to Quash the Deposition Notice issued by the defendant along with a request to preclude the defendant from attempting to introduce into evidence the matters raised by the excused juror at trial.

The Motion to Quash the deposition notice is granted. The defendant in its response does not dispute that the plaintiff was previously deposed and the deposition terminated. Under Fed. R. Civ. P. 30(a)(2)(B), a party must obtain leave of court to redepose someone who has already been

deposed unless there is a written stipulation allowing the second deposition. No request was made to the Court by the defendant prior to serving the notice of the deposition and certainly this is outside the discovery deadline in the scheduling order and is scheduled the Friday before the trial is scheduled to begin. This is sufficient reason alone to grant the motion to quash the deposition.

Additionally, the limited information reflected in the sealed e-mail from the Clerk's Office indicates that the matter occurred over ten years ago. This remote period of time alone is sufficient reason to exclude this evidence and there is no indication the incident occurred in the workplace. The crux of the case at bar is that the plaintiff did not want to have a relationship with a supervisor. The arguments of the plaintiff in her motion to quash are well-taken and the Court quashes the deposition and excludes evidence regarding the matter on the basis of relevance, Federal Rule of Evidence 403, and Federal Rule of Evidence 404(b).

Plaintiff's Motion to Quash is GRANTED and the motion to exclude evidence regarding the substance of the excused juror's accusations is also GRANTED.

**AND IT IS SO ORDERED**.

        s/ R. Bryan Harwell  
        R. Bryan Harwell  
        United States District Court Judge

June 5, 2008  
Greenville, South Carolina